IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



AMY RYDER,

Plaintiff,

-vs-

VERIZON WIRELESS SERVICES, LLC,

CASE NO.: 8:13 cv 2366 30TGW

Defendant.

_____/

## COMPLAINT

The Plaintiff, AMY RYDER, by and through the undersigned counsel, sues the Defendant, VERIZON WIRELESS SERVICES, LLC, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA") and Florida Statutes.

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5).

4. Venue is proper in this District because the Plaintiff resides in this District (Sarasota County) and the Defendant transacts business in Sarasota County, Florida.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sarasota County, Florida.

1



6. Defendant is a corporation and a citizen of the State of New Jersey with its principal place of business at One Verizon Way, VZ52N068, Basking Ridge, N.J.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, in Sarasota County, Florida.

8. Defendant, at all times material, was attempting to collect on a Verizon Wireless account and/or was sending texts and communicating with Plaintiff with regards to a Verizon Wireless Account ending in 7263, belonging to Plaintiff (hereinafter the "subject debt").

9. On or about July 31, 2013, Plaintiff contacted Defendant to make arrangements to bring her account current and made arrangements with a representative of Defendant to make a payment of $146.00 on August 15, 2013. Immediately after making these arrangements Plaintiff began receiving automated text messages to her cell phone.

10. On August 1, 2013, Plaintiff received automated text messages from Defendant at 6:57 pm, 7:14 pm, 7:48 pm and 9:09 pm. Plaintiff sent a reply text back at 9:22 pm, stating "After 9 pm is illegal," yet Plaintiff received another text from Defendant at 9:27 pm to which she again replied at 9:32 pm, "After 9 pm is illegal." See **Exhibit "A"** attached hereto.

11. On August 2, 2013, Plaintiff called Verizon Land to see if it was that company who was texting her and was told it was Verizon Wireless and was given a number for Verizon Wireless to call. Plaintiff called Defendant and requested the texts to stop and was told the text messages were reminders to pay her bill. The text messages continued and in a further attempt to stop the text messages, Plaintiff sent a reply text on August 2, 2013 stating "Stop" but less than ten (10) minutes later she received yet another text message. See screen shot of Plaintiff's cellular phone attached hereto as **Exhibit "A."**

2

12. The text message onslaught continued and on August 5, 2013 Plaintiff again called Defendant and spoke with a female representative who said she would have Plaintiff's cellular phone number blocked from the texting messages.

13. Again the text messages continued and on or about August 6, 2013, Plaintiff called Defendant back and spoke to a representative named "Emmanuel" who said he could not block her number but assured her that the texting would stop. The texts continued and Plaintiff once again called Defendant and spoke with a "Douglas" or David" who told Plaintiff that Verizon was not doing anything wrong. Plaintiff requested to speak with a supervisor and was told to leave her name and number and a supervisor would return her call. No supervisor returned her call and instead the amount of text messages began increasing.

14. In an attempt to collect the subject debt from Plaintiff, Defendant text messaged and communicated with the Plaintiff using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called or texted, using a random or sequential number generator and to dial or text such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls").

15. Plaintiff, desperate to have the unrelenting texting stopped, once again tried to have the Defendant stop texting her by sending texts on August 30, 2013 at 10:03 am, stating "Stop" and another text an hour or so later at 11:33 am, stating "Stop I have called you and ask you to stop." See **Exhibit "B"** attached hereto.

16. On or about September 2, 2013 at 9:59 pm, Plaintiff again sent a reply text stating "Stop texting me" but within 15 minutes received two more text messages at 10:14 pm and 11:08 pm from Defendant to which Plaintiff responded at 11:16 pm, "I have paid my bill stop texting me" but to Plaintiff's dismay she still began receiving text messages from Defendant on September 3, 2013 at 8:18 am. See **Exhibit "C"** attached hereto.

17. In an attempt to collect the subject debt from Plaintiff, Defendant text messaged and communicated with the Plaintiff over three hundred and fifty (350) times from August 1, 2013 to September 3, 2013. Many of those texts and communications were between the hours of 9:00 pm and 8:00 am, causing disruption to Plaintiff and her family's sleep. See **Exhibit "D"** attached hereto with some but not all of the texts and communications received by Plaintiff.

18. The Defendant has a corporate policy to use an automatic telephone dialing system to make autodialer calls or texts just as they did to the Plaintiff's cellular telephone in this case, with no way for the recipient of the calls or texts, or the Defendant, to permit the stoppage of texts and/or communications.

19. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the automated texts to stop.

20. As outlined above, Plaintiff verbally and through text messages expressly withdrew any prior express consent that may have been given to Defendant related to Defendant's placement of autodialer texts to Plaintiff's cellular telephone with the use of an automatic telephone dialing system, yet Defendant's placement of the texts continued.

21. Due to Defendant's constant autodialer texts and communications and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

22. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-one (21) above as if fully stated herein.

23. None of Defendant's autodialer texts placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer text made to Plaintiff's cellular telephone after Plaintiff notified Defendant on August 2, 2013, to stop texting her.

25. Defendant repeatedly sent non-emergency automated text messages to Plaintiff's cellular telephone using an automatic telephone dialing system after Plaintiff's withdrew her prior express consent, both verbally and in writing, in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

26. Plaintiff re-alleges paragraphs one (1) through twenty-one (21) above and further states:

27. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

28. Plaintiff is a "debtor" and/or "consumer" pursuant to F.S. §559.55(2).

29. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff with such frequency as can be reasonably be expected to harass the debtor.

30. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

31. Defendant has violated Florida Statute §559.72(17) by communicating with the Plaintiff between the hours of 9:00 pm and 8:00 am in the debtor's time zone without the prior consent of the debtor.

32. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@forthepeople.com
Attorney for Plaintiff